IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JACK EUGENE HOWTON, | § | |
| PRISONER ID NO. 08463-033, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-13-0778 |
| | § | |
| ATTORNEY GENERAL OF TEXAS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Jack Eugene Howton, an inmate of the Federal Bureau of Prisons, filed a Petition for a Writ of Habeas Corpus By a Person in State Custody ("Petition") (Docket Entry No. 1) challenging a 1994 Texas sentence that was used to enhance a federal sentence he is presently serving. The court issued an Order instructing the respondent -- the warden of the federal penitentiary where Howton is incarcerated -- to file an answer, dispositive motion, or other responsive pleading with regard to Howton's habeas petition (Docket Entry No. 4). Copies of the Order were also sent to the Director of the Texas Department of Criminal Justice and the Attorney General of the State of Texas. The Attorney General has filed a motion for dismissal from the case. The court will grant the motion and will dismiss the petition for the reasons stated below.

## I.  Facts and Procedural History

**A.   Howton's Present Confinement in Federal Prison**

Howton is no longer incarcerated for the Texas criminal court judgment he is challenging in this proceeding.  Nor is he held pursuant to any state conviction.  Instead, he is currently serving a life sentence after having been adjudged guilty of numerous violations of federal law.  United States v. Howton, No. 4:03cr35 (W.D. Ky. Feb. 28, 2006).  Several prior convictions, including his 1994 Texas conviction, were used to enhance punishment in the federal proceeding in No. 4:03cr-35-M.  See Information and Notice of Prior Convictions of the Defendant, Jack E. Howton, No. 4:03cr-35-M, Document 83.[1]  Howton appealed the federal district court's judgment, which was affirmed by the United States Court of Appeals for the Sixth Circuit.  United States v. Howton, 260 F. App'x 813 (6th Cir. 2008).  The Supreme Court denied certiorari on June 16, 2008.  Howton v. United States, 554 U.S. 908 (2008).

On June 13, 2008, Howton filed a pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (No. 4:03cr-35-M, Document 236)  After referring the motion to a magistrate judge, the court adopted the magistrate's findings and denied the motion on November 20, 2009.  (No. 4:03cr-35-M, Document 308)  Howton filed an appeal, and the Sixth Circuit denied his

---

[1]The  Information  and  Notice  is  attached  as  Exhibit  A  to Howton's State Habeas Records in the proceeding regarding the 1994 conviction.  (Docket Entry No. 11, Bates page number 00023)

-2-

application for a certificate of appealability on September 23, 2010. <u>Howton v. United States</u>, No. 09-6470 (6th Cir. 2010). Howton's subsequent petition for rehearing was denied by the Sixth Circuit on June 2, 2011. <u>Id.</u>

**B.   Howton's 1994 Texas Conviction**

Howton was charged by indictment with possession of more than four ounces and less than five pounds of marijuana enhanced by two prior felony convictions. <u>See State Habeas Record</u>, at 106 (Docket Entry No. 11). He was initially tried by a jury who found him guilty and sentenced him to 25 years' imprisonment. After the state district court granted his motion for retrial, Howton entered into a plea bargain, and on November 24, 1994, the trial court sentenced him to ten years' imprisonment pursuant to the agreement between Howton and the State. <u>Id.</u> at 107.

Howton did not file a direct appeal challenging the conviction. Instead, he filed a state application for a writ of habeas corpus on August 1, 2011.[2] <u>Id.</u> at 12. The Texas Court of Criminal Appeals denied the application without a written order based on the findings of the trial court on December 12, 2012. <u>Id.</u> at 2. Howton then executed the pending habeas petition on February 3, 2013. Although the petition was not received by the

---

[2]August 1, 2011, is the date Howton executed the habeas application and presumably surrendered it to prison authorities for mailing to the courts. <u>See Richards v. Thaler</u>, 710 F.3d 573, 579 (5th Cir. 2013).

District Clerk until March 19, 2013, it is presumed to be filed on the earlier date when he purportedly gave it to the federal prison officials for mailing. See Medley v. Thaler, 660 F.3d 833, 840 (5th Cir. 2011). Howton alleges four grounds for relief in his petition: (1) unlawful search of a closed container, (2) involuntary plea, (3) insufficient evidence, and (4) ineffective assistance of counsel. (Petition, Docket Entry No. 1, pp. 6-7)

## II.  Analysis

### A.    The Court Does Not Have Jurisdiction

For a federal court to have subject matter jurisdiction over a habeas petition, the petitioner must be "in custody" pursuant to the conviction at the time the petition is filed. See Carafas v. LaVallee, 88 S. Ct. 1556, 1560 (1968). The "in custody" requirement is not met if the sentence has been fully served. Maleng v. Cook, 109 S. Ct. 1923, 1926 (1989). Howton is not in custody pursuant to the 1994 state conviction. However, the Supreme Court also held that a petitioner is "in custody" if he is incarcerated and was challenging a conviction that was used to enhance his current sentence. Id. at 1926-27. The Maleng Court specifically expressed no view as to the extent the prior conviction may be subject to challenge. Id. However, the Court subsequently held that the only exception to the general rule that a discharged sentence is not subject to a later challenge is when the petitioner was not represented by counsel in the challenged proceeding.

-4-

<u>Lackawanna County District Attorney v. Coss</u>, 121 S. Ct. 1567, 1574 (2001), <u>citing</u> <u>Gideon v. Wainwright</u>, 83 S. Ct. 792 (1963); <u>see also</u> <u>Daniels v. United States</u>, 121 S. Ct. 1578 (2001).

Howton admits that he was represented by an attorney during the preliminary hearings, the arraignment, the trial, as well as the plea and sentencing phases of his 1994 state court criminal conviction. (Petition, Docket Entry No. 1, p. 8)  The state habeas records also reflect that counsel had been appointed for Howton. (Affidavit of Toni M. Triplett, Docket Entry No. 14, p. 16)  Howton therefore cannot now challenge his expired state sentence.  <u>See</u> <u>United States v. Clark</u>, 284 F.3d 563, 567 (5th Cir. 2002).

**B.    The Habeas Petition is Time-Barred**

To the extent that Howton seeks to challenge his 1994 state court conviction, his habeas petition is subject to the Anti-Terrorism and Effective Death Penalty Act (AEDPA) provisions, which restrict the time in which a state conviction may be challenged. <u>Flanagan v. Johnson</u>, 154 F.3d 196, 198 (5th Cir. 1998).  Under the AEDPA federal habeas petitions that challenge state court judgments are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

-5-

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)(2).

Howton entered a guilty plea on November 24, 1994, and did not appeal within the statutory period under Texas law. TEX. R. APP. P. 41(b) (West 1994) (defendant must file his appeal within 30 days of the date the trial court enters its judgment). The conviction became final on December 24, 1994, the last day he could have filed a notice of appeal. See also Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008), citing Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003) (conviction becomes final when time for review has expired), citing 28 U.S.C. § 2244(d)(1)(A). Although Howton's state court conviction became final before the enactment of the AEDPA, it is nevertheless applicable to his pending habeas petition. Nobles v. Johnson, 127 F.3d 409, 413 (5th Cir. 1997). Howton had one year from the AEDPA's enactment date, or until

-6-

April 24, 1997, to file a federal habeas petition challenging the state court conviction. Muhleisen v. Ieyoub, 168 F.3d 840, 842-43 (5th Cir. 1999); Sonnier v. Johnson, 161 F.3d 941, 944 (5th Cir. 1998). Howton's state habeas application, which was not filed until 2011, has no tolling effect on the limitations period. Palacios v. Stephens, 723 F.3d 600, 604 (5th Cir. 2013), citing Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000), citing § 2244(d)(2). Consequently, Howton's state conviction cannot be challenged because it is barred by the AEDPA's statute of limitations.

The AEDPA also imposes a one-year statute of limitations on federal court convictions. 28 U.S.C. § 2255(f). The judgment in No. 4:03cr-35-M became final when the Supreme Court denied certiorari on June 16, 2008. Medley v. Thaler, 660 F.3d 833, 834 (5th Cir. 2011). Although Howton previously filed a motion to vacate his federal conviction, that proceeding was dismissed more than a year before the present action was filed. Moreover, a petitioner cannot use a § 2255 motion to challenge a conviction used to enhance a federal sentence if the prior conviction is itself no longer open to direct or collateral attack due to the petitioner's failure to pursue those remedies while they were available. Daniels, 121 S. Ct. at 1583.

As explained above, Howton has previously filed a post-conviction challenge to his federal judgment by filing a motion to vacate, set aside, or correct his sentence pursuant to 28

U.S.C. § 2255.  He must seek leave from a panel of the Sixth Circuit before filing a second or successive motion. 28 U.S.C. § 2255(h).  There is no indication that the Sixth Circuit has granted permission to file another challenge.  Without such authorization, the motion would be dismissed for lack of jurisdiction.  See Williams v. Thaler, 602 F.3d 291, 301 (5th Cir. 2010); Hooker v. Sivley, 187 F.3d 680, 681-82 (5th Cir. 1999).

### III.  Denial of Certificate of Appealability

Before Howton can appeal the dismissal of his Petition, he must obtain a Certificate of Appealability (COA). 28 U.S.C. § 2253.  In order to obtain a COA, Howton must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000).  A COA will be denied because this action is clearly barred, and Howton has not made a substantial showing of the denial of a constitutional right.  See Resendiz v. Quarterman, 454 F.3d 456 (5th Cir. 2006).

### IV.  Conclusion and Order

The court **ORDERS** the following:

1.  The Respondent's Motion to Dismiss Rick Thaler and Texas Attorney General As Party Respondent (Docket Entry No. 12) is **GRANTED**.

2.  The Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) is **DISMISSED WITH PREJUDICE**.

-8-

3.    Howton's Motion to Amend Removal of C-Zych as
      Respondent (Docket Entry No. 9) is **GRANTED**.

4.    Howton's Motion Requesting Trial Transcripts that
      Already Exist (Docket Entry No. 13) is **DENIED**
      because no further records are necessary to resolve
      the issues in this proceeding.  See Bracy v.
      Gramley, 117 S. Ct. 1793, 1796-97 (1997).

5.    A Certificate of Appealability is **DENIED**.

6.    The Clerk will provide a copy of this Memorandum
      Opinion and Order to the petitioner; and a copy of
      the Petition and this Memorandum Opinion and Order
      to the Attorney General of the State of Texas.

**SIGNED** at Houston, Texas, on this 21st day of November, 2013.

_____
            SIM LAKE
UNITED STATES DISTRICT JUDGE